# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

BENJAMIN WILLARD TUCKER                               PETITIONER

v.                         NO. 2:05CV00065 HDY

LINDA SANDERS, Warden, FCI                              RESPONDENT
Forrest City, Arkansas

## MEMORANDUM OPINION AND ORDER

The relevant events culminating in the incarceration of petitioner Benjamin Willard Tucker ("Tucker") were summarized by United States District Judge J. Phil Gilbert in an order denying Tucker's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. Judge Gilbert found as follows:

> On May 3, 2000, a grand jury returned an indictment charging Benjamin Willard Tucker with two counts of distributing crack cocaine (counts I and II) and one count of possessing with intent to distribute it (count III), all in violation of Section 841(a)(1) of Title 21 of the United States Code. ...
>
> On August 7, 2000, the government filed a notice pursuant to Section 851 of Title 21 of the United States Code, establishing Tucker's prior felony drug convictions. As a result, on Count I, the maximum statutory sentence went from 20 years to 30 years, and on Counts II and III (both of which involved more than 5 grams of crack cocaine) the maximum sentence went from 40 years to life.

> …
>
> On August 7, 2000, Tucker entered open pleas of guilty to all three counts alleged in the original indictment. …
>
> On November 20, 2000, this Court sentenced Tucker to 188 months imprisonment. At sentencing, Tucker was advised of his rights, including the ten-day limit for filing a notice of appeal. Tucker never filed a notice of appeal …

See July 7, 2003, Order of United States District Judge J. Phil Gilbert at 2-3, attached as an Exhibit to Document 5.

In August of 2001, Tucker filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 in the United States District Court for the Southern District of Illinois. Judge Gilbert characterized Tucker's claims in that motion as follows: "In his petition, Tucker purports to allege four separate 'grounds' for relief. Essentially, his four 'grounds' amount to two claims: (1) that his plea of guilty was not knowingly and voluntarily entered, and (2) that his counsel was ineffective in that he failed to discover and bring to the Court's attention Tucker's alleged mental retardation." See July 7, 2003, Order of United States District Judge J. Phil Gilbert at 3, attached as an Exhibit to Document 5.[1] Judge Gilbert found no merit to Tucker's claims and denied the motion in July of 2003.

---

[1] Tucker represents in the petition at bar that he "presented in his 28 U.S.C. 2255 [motion] that at the sentencing hearing, the sentencing judge erred in sentencing the defendant on the amount of drugs set forth in the case. Citing in his petition specifically Apprendi v. New Jersey, …" See Document 3 at 6. The Court, however, does not have the benefit of Tucker's motion and cannot confirm that representation.

Tucker appealed the denial of his motion to vacate, set aside, or correct his sentence to the United States Court of Appeals for the Seventh Circuit. His appeal proved fruitless when his certificate of appealability was denied in December of 2003.

Tucker petitioned the United States Supreme Court for a writ of certiorari. His petition was denied in June of 2004. See Tucker v. United States, 541 U.S. 1079 (2004).

In March of 2005, Tucker commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. He maintained that his sentence was enhanced by factual findings made by the trial judge, not by facts admitted by Tucker or found by a jury beyond a reasonable doubt. He asked that the enhancements be stricken and his sentence reduced to eighty-seven months. He built his request upon a series of United States Supreme Court decisions, the most recent being United States v. Booker, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[2]

---

[2]

The line of decisions relied upon by Tucker provides the following:

In [Blakely v. Washington], the Supreme Court applied the rule set out in Apprendi v. New Jersey …and held the imposition-based solely on the sentencing judge's factual findings-of a sentencing enhancement above the range indicated in the State of Washington's Sentencing Reform Act violated the defendant's Sixth Amendment rights, because the facts supporting the findings were neither admitted by the defendant nor found by a jury beyond a reasonable doubt. … [T]he Supreme Court held in United States v. Booker … that "the Sixth Amendment as construed in Blakely does apply to the [Federal] Sentencing Guidelines." Booker, 125 S.Ct. at 746. Under Booker, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by … a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

See United States v. Urkevich, 408 F.3d 1031, 1037-38 (8th Cir. 2005).

In April of 2005, respondent Linda Sanders ("Sanders") filed the pending motion to dismiss. See Document 5. The motion contained the following representations:

> Issues concerning the lawfulness of a federal conviction imposed generally must be brought in a 28 U.S.C. 2255 motion, addressed to the sentencing court, rather than a [section] 2241 habeas petition in the district of confinement. United States v. Lurie ...; Thompson v. Smith ... A petitioner has the burden of demonstrating that [section] 2255 relief in the sentencing court would be inadequate or ineffective. The mere fact that an individual may be barred from filing a [section] 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. See also Hill v. Morrison ... As to the Apprendi, Blakely and Booker issue, see U.S. ex rel. Perez v. Warden, FMC, Rocheter ... Perez was an Apprendi case. Blakely and Booker are extensions of Apprendi, and the Supreme Court has not yet pronounced whether they apply retroactively. It would seem that the Perez analysis applies. Perez notes that in the Moss case, the Eighth Circuit has held Apprendi is not retroactive. The United States Supreme Court has not said otherwise yet. In view of the Supreme Court's recent decision in Schriro v. Sumerlin ... on the application of Ring v. Arizona, the extension of Apprendi to death cases, it is unlikely that Blakely and Booker will be deemed to be retroactive. If it is not retroactive, neither [section] 2255 nor [section] 2241 will help Petitioner. See U.S. v. Stoltz ...

See Document 5 at 1-2.

In May of 2005, Tucker submitted a response to Sanders' motion in which he addressed several of the assertions contained in her motion. He addressed, inter alia, Sanders' contention that he failed to show that relief under 28 U.S.C. 2255 in the sentencing court is inadequate or ineffective. He did so by advancing the following contention:

-4-

> It is without question, and the respondent[] cannot deny that the petitioner did not have an earlier opportunity to present his claims with the benefit of the extensions and clarifications that have been voiced by the <u>Booker</u> and <u>Blakely</u> decisions. Because in fact the Eight[h] Circuit has not ruled that <u>Booker</u> does not apply to collateral review; and it is a certain fact that the Seventh Circuit has expressly ruled that collateral review is not available to Tucker; therefore, it renders the process of relief under [section] 2255 inadequate and ineffective to test the legality of his conviction and sentence.

<u>See</u> Document 7 at 5.

It appears that the issues in this proceeding have now been framed. The Court turns to consider the claims advanced by Tucker and the motion submitted by Sanders.

At the outset, it is imperative that the Court properly characterize the submission filed by Tucker. The difference between a petition filed pursuant to 28 U.S.C. 2241 and a motion filed pursuant to 28 U.S.C. 2255 is easily stated; the application of that difference, though, is not always as easy. This much is clear: a prisoner may attack the execution of his sentence by means of a petition filed pursuant to 28 U.S.C. 2241 in the district of his incarceration. <u>See</u> <u>Matheny v. Morrison</u>, 307 F.3d 709 (8th Cir. 2002); <u>Bell v. United States</u>, 48 F.3d 1042 (8th Cir. 1995). The Court understands "execution" to mean the manner in which a sentence is actually served. <u>See</u> <u>United States v. Peterman</u>, 249 F.3d 458 (6th Cir. 2001). For example, a petition filed pursuant to 28 U.S.C. 2241 is appropriate to challenge "calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, ... or conditions of confinement ..." <u>See</u> <u>Poindexter v. Nash</u>, 333 F.3d 372, 377 (2nd Cir. 2003).

A motion filed pursuant to 28 U.S.C. 2255 in the district of a prisoner's sentencing, though, is the proper vehicle for challenging the validity of the prisoner's conviction and sentence. See Matheny v. Morrison, supra; Bell v. United States, supra. The Court understands "validity" to mean the imposition or length of the sentence imposed by the sentencing court. See Turner v. Keller, 994 F.Supp. 631 (W.D.Pa. 1998). 28 U.S.C. 2255 "encompasses claims that 'the sentence was imposed in violation of the Constitution or laws of the United States, … that the court was without jurisdiction to impose such sentence, … that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" See Love v. Menifee, 333 F.3d 69, 72 (2nd Cir. 2003) [citing Jiminian v. Nash, 245 F.3d 144, 146-47 (2nd Cir. 2001), and 28 U.S.C. 2255].

The Court has thoroughly reviewed Tucker's submission. On the basis of that review, the Court is firmly convinced that he is not challenging the execution of his sentence. He is instead challenging the length of his sentence, specifically, that his sentence is now in violation of the Constitution. The submission at bar is therefore without question one pursuant to 28 U.S.C. 2255.

Having so construed Tucker's submission, it is clearly a successive 28 U.S.C. 2255 motion because he previously sought relief pursuant to that section. Tucker filed the motion at bar without the initial approval of the appropriate Court of Appeals and appears to be in violation of 28 U.S.C. 2255. The only question is whether he is excused from obtaining the initial approval of the appropriate Court of Appeals.

Tucker apparently anticipated such a problem when he commenced this proceeding. He appears to rely upon the "savings clause" codified within 28 U.S.C. 2255. The "savings clause" of 28 U.S.C. 2255 provides the following:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

[Emphasis added]. The burden of making the foregoing showing is upon Tucker. See <u>Hill v. Morrison</u>, 349 F.2d 1089 (8th Cir. 2003). He must demonstrate that there is more than a procedural barrier to filing a motion pursuant to 28 U.S.C. 2255. As the United States Court of Appeals for the Eighth Circuit noted in <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000), "[t]he [section] 2255 motion is not inadequate or ineffective merely because [section] 2255 relief has already been denied, ..."

Tucker's pleadings contain what amounts to an explanation why he is allegedly excused from obtaining the initial approval of the appropriate Court of Appeals. He appears to maintain that he is so excused because he has been "restricted from presenting his claim before the [United States Court of Appeals for the Seventh Circuit] due to their Order issued in <u>McReynolds v. U.S.</u>, 04-2520 (7th Cir. February 2, 2005).; ..." See Document 3 at 5. In that case, the United States Court of Appeals for the Seventh Circuit concluded the following:

> Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which Blakely v. Washington ... came down, is the appropriate dividing line; Blakely reserved decision about the status of the federal Sentencing Guidelines ... so Booker itself represents the establishment of a new rule about the federal system.

See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Tucker appears to maintain that because he is restricted from pursuing relief in that circuit, he can pursue relief in this circuit, i.e., the United States Court of Appeals for the Eighth Circuit.

There are at least two problems with the position advanced by Tucker. First, United States v. Lurie clearly stands for the proposition that a section 2255 motion is not inadequate or ineffective merely because a petitioner has sought, but failed to obtain, relief in a section 2255 motion in a prior proceeding. Although Tucker has sought, but failed to obtain, relief in a section 2255 motion in a prior proceeding, that remedy is not otherwise inadequate or ineffective.

Second, the United States Court of Appeals for the Eighth Circuit recently adopted the teachings of McReynolds v. United States. In Never Misses A Shot v. United States, 2005 WL 1569403 (8th Cir. 2005), the Court of Appeals cited McReynolds v. United States and concluded that United States v. Booker does not apply retroactively. The Court of Appeals specifically held that "the 'new rule' announced in [United States v.] Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."

On the basis of the foregoing, the Court finds that Tucker filed the motion at bar without the initial approval of the appropriate Court of Appeals. He has not shown that he is excused from obtaining the required approval; he has not demonstrated that "the remedy by motion is inadequate or ineffective to test the legality of his detention." Consequently, Sanders' motion to dismiss is granted.

In summary, the Court finds that Tucker's submission is clearly one pursuant to 28 U.S.C. 2255. His attempt to characterize his submission as one pursuant to 28 U.S.C. 2241 is misplaced because he is clearly claiming the right to be released on the ground that his sentence is now in violation of the Constitution. The "savings clause" codified in 28 U.S.C. 2255 is of no help to him because he cannot show that the relief afforded by that section is inadequate or ineffective. Having previously filed a motion pursuant to 28 U.S.C. 2255, Tucker must obtain the initial approval of the appropriate Court of Appeals before filing a successive motion. He has not obtained the required approval. Sanders' motion to dismiss is therefore granted. Tucker's motion is dismissed, and all requested relief is denied. Judgment will be entered for Sanders.

IT IS SO ORDERED this __26__ day of _____July_____, 2005.

_____
UNITED STATES MAGISTRATE JUDGE